UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


RAUL PEREZ                         ]
    Petitioner,                    ]
                              ]
v.                                 ]          No. 3:13-0597
                              ]          Judge Sharp
UNITED STATES OF AMERICA           ]
    Respondent.                    ]


**M E M O R A N D U M**


The petitioner, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2255 against the United States, asking the Court to vacate, set aside or correct his sentence.

### I. Background

During the evening of September 4, 2008, a Metro Nashville police officer (Sgt. David Mundt) observed the petitioner's vehicle cross the double yellow line and then swerve back into his own lane. The officer activated his blue lights and initiated a traffic stop.

As the petitioner was pulling over, the officer saw the head of a female passenger rise from the area of the petitioner's lap. When the officer approached the vehicle, he noticed that the petitioner's zipper was unzipped and his belt was undone. From the ensuing conversation, the officer learned that the petitioner had

been receiving oral sex from the female passenger as he was driving.

Based upon this information, the officer began to treat the situation as a suspected case of prostitution. He spoke with the female passenger in an effort to determine whether she knew the petitioner. The officer then began to question the petitioner. Around that time, other police officers arrived on the scene.

The officer asked the petitioner if he had any weapons or contraband on his person or in his vehicle. The petitioner said no and gave the officer permission to search him and the vehicle. As the officer began, the petitioner said that he felt uncomfortable being searched. The officer explained that the petitioner did not have to submit to a search. The petitioner chose to once again give the officer permission to conduct a search. During the search, the officer found a handgun under the driver side floor mat. The petitioner was immediately placed under arrest and was taken into custody.

The petitioner was charged with being a convicted felon in possession of a firearm. United States of America v. Raul Perez, Criminal No.3:08-00255 (M.D. Tenn.). Through counsel, he filed a motion to suppress the handgun. Following a hearing, the motion to suppress was denied. *Id.* at Docket Entry No.79. The petitioner then pled guilty to the charge. For this crime, he was sentenced as an armed career criminal and received a term of 180 months in prison,

to be followed by five years of supervised release. *Id.* at Docket Entry No.73. On appeal, the Sixth Circuit Court of Appeals affirmed both the conviction and sentence. *Id.* at Docket Entry No.84.

## II. Procedural History

On June 17, 2013, the petitioner filed the instant § 2255 motion (Docket Entry No.6) attacking the conviction. In the motion, the petitioner claims that he was denied his Sixth Amendment right to the effective assistance of counsel. More specifically, the petitioner complains that

> 1) counsel should have argued <u>Arizona v. Gant</u>, 556 U.S. 332 (2009) and <u>Davis v. United States</u>, 131 S.Ct. 2419 (2011) in an effort to have the handgun suppressed; and
>
> 2) counsel should have called Detective Robert Russell as a witness at the suppression hearing.[1]

Upon preliminary review of petitioner's motion, the Court determined that it was not facially frivolous. Accordingly, by an order (Docket Entry No.8) entered November 1, 2013, the United States Attorney for this judicial district was directed to file an answer, plead or otherwise respond to the motion. Rule 4(b), Rules --- § 2255 Cases.

Presently pending before the Court are petitioner's § 2255 motion, the respondent's Answer (Docket Entry No.19) and the

---

[1] The petitioner was represented by Michael J. Flanagan, a member of the Nashville Bar.

petitioner's motion for dismissal for failure to prosecute (Docket Entry No.20).

Having carefully considered these pleadings and the expanded record, it does not appear that an evidentiary hearing is needed in this matter. *See* <u>Smith v. United States of America</u>, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is not entitled to relief). Therefore, the Court shall dispose of the § 2255 motion as the law and justice require. Rule 8(a), Rules --- § 2255 Cases.

### III. Analysis of the Claims

As a preliminary matter, the respondent has filed a timely Answer. Therefore, the petitioner's motion for dismissal for failure to prosecute has been rendered moot, and will be denied for that reason.

**1) Timeliness of the Motion**

The respondent first asserts that this action is untimely. The petitioner had one year from the date on which the judgment of conviction became final, or until August 7, 2013, in which to initiate the instant action. 28 U.S.C. § 2255(f)(1). The petitioner's motion is stamped as received in the Clerk's Office on June 17, 2013. Thus, this action was filed well within the limitation period.

The respondent does note that the motion, as it was originally received, had not been signed by the petitioner as required by Rule

11(a), Fed.R.Civ.P. A signed motion was not received in the Clerk's Office until October 24, 2013, after the limitation period had expired. *See* Docket Entry No.6.

Once the Court determined that the motion was deficient in this regard, an order (Docket Entry No.3) was entered directing the petitioner to cure the deficiency, which he did within the specified period of time. Because the delay in providing a signed motion does not appear to be attributable to the petitioner, the Court finds that the limitation period was equitably tolled during the time specified to cure the deficiency.

**2). Effectiveness of Counsel**

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. To establish a violation of this right, the petitioner bears the burden of showing that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the alleged deficiency. Strickland v. Washington, 466 U.S. 668 (1984). When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

The petitioner alleges that counsel was ineffective because he failed to argue Arizona v. Gant, 556 U.S. 332 (2009) and Davis v. United States, 131 S.Ct. 2419 (2011) in support of his motion to

suppress evidence and on appeal (Claim No.1).

In <u>Gant</u>, the Supreme Court held that "police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe that the vehicle contains evidence of the offense of arrest". 556 U.S. at 351. According to <u>Davis</u>, "searches conducted in objectively reasonable reliance on binding appellate precedent are not subject to the exclusionary rule". 131 S.Ct. 2423-2424.

The search of petitioner's vehicle was not made incident to his arrest. The petitioner was placed under arrest only after he twice consented to the search and the handgun was found. Following a suppression hearing, the Court determined that the search was consensual. Criminal No. 3:08-00255, Docket Entry No.79 at pgs.22-23. This ruling was affirmed on appeal. *Id.*, Docket Entry No.84 at pg.8. The holding of <u>Gant</u> was not applicable to the situation at issue. Nor would the holding of <u>Davis</u> have provided the petitioner with any type of relief as well. Accordingly, this claim has no merit.

The petitioner also claims that counsel was ineffective because he neglected to call Detective Robert Russell as a witness during the suppression hearing (Claim No.2).

Detective Russell of the Metro Nashville Police Department prepared a case summary of the arrest. According to the summary,

6

the petitioner "made a statement to the effect that he felt uncomfortable being searched." *Id.*, Docket Entry No.79 at pg.12. Portions of the summary were read into the record at the suppression hearing. Officer Mundt was cross examined about the petitioner's willingness to be searched and explained that he then obtained the petitioner's consent to continue the search. *Id.* at pgs.12-13. There is no suggestion from the record that Detective Russell was at the scene during the search or that his appearance at the suppression hearing could have added anything of benefit to the petitioner's suppression motion. The petitioner has failed to show that counsel in any way was deficient for neglecting to call Detective Russell as a witness. Consequently, counsel was not ineffective in this regard.

## IV. Conclusion

Having carefully considered the pleadings, the Court finds that the petitioner was not denied his Sixth Amendment right to the effective assistance of counsel. The petitioner's motion to vacate, set aside or correct sentence, therefore, will be denied and this action shall be dismissed.

An appropriate order will be entered.

_____
Kevin H. Sharp
United States District Judge